UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Katherine Mason<br>c/o Zuzolo Law Offices, LLC<br>700 Youngstown Warren Road<br>Niles, OH 44446<br><br>&<br><br>Karen Mason<br>c/o Zuzolo Law Offices, LLC<br>700 Youngstown Warren Road<br>Niles, OH 44446<br><br><br>             Plaintiffs,<br>v.<br><br>MRS BPO, LLC dba MRS Associates<br>c/o National Corporate Research, Ltd, Statutory Agent<br>4568 Mayfield Road Ste 204<br>Cleveland, OH 44121<br><br><br>             Defendant. | Case No.<br><br>Hon.<br><br><br>**COMPLAINT**<br><br>**WITH JURY DEMAND ENDORSED HEREON** |

## I. PARTIES

1. Plaintiff Katherine Mason is a natural person who resides in the County of Mahoning and the State of Ohio.

2. Plaintiff Karen Mason is a natural person who resides in the County of Mahoning and the State of Ohio

3. Defendant MRS BPO, LLC (hereinafter "MRS") is a debt collector as defined by the Fair Debt Collection Practices Act as MRS, using the mails and through phone calls to each Plaintiff, attempted to collect a student loan debt used primarily for personal family or household

1

purpose. Debt collection is the primary purpose of MRS. As an entity engaged in debt collection of the consumer transaction, described above, MRS also meets the definition of a supplier under ORC §1345.01. Finally, MRS is a covered entity under the Telephone Consumer Protection Act.

## II. VENUE & JURISDICTION

4. Venue in this judicial district is proper because the Plaintiffs reside in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

5. Pursuant to 28 U.S.C. §1331, this Court has jurisdiction over the matters asserted herein regarding the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Telephone Consumer Practices Act, 47 U.S.C. 227.

6. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the matters asserted herein regarding the Ohio Consumer Sales Practices Act, Ohio Revised Code §1345.01 et seq. and other state law claims. The same set of operative facts give rise to Plaintiffs' claims under the FDCPA, the OCSPA, and the other claims under Ohio law.

7. Plaintiffs are consumers as defined by 15 U.S.C. §1692a(3) and Ohio Revised Code §1345.01(D).

8. At all times material, these collection attempts occurred in Mahoning County Ohio.

## III. STATEMENT OF FACTS

9. Plaintiffs incorporate each preceding paragraph as if fully rewritten herein.

10. Both Plaintiffs began receiving calls for this student loan debt on or about November of 2011. The Plaintiff Katherine Mason is the primary obligor on the account and Plaintiff Karen Mason is the co-signor for the debt.

11. The collectors for the Defendant were extremely aggressive calling several times a day beginning on or about November of 2011 through the first part of 2012.

12. The Defendant MRS repeatedly called the Plaintiff Karen Mason on her cell phone and at her place of employment despite repeated requests by Karen Mason to have the calls stop and that she was not able to receive calls at work.  This caused Karen substantial emotional distress, embarrassment and humiliation as Karen's boss became annoyed at the amount of calls that she was receiving regarding this matter.

13. The Plaintiff Karen Mason believes that calls were made using an automated telephone dialing system and/or an artificial or pre-recorded voice message to her cell phone.

14. The Plaintiff Karen Mason received more than two calls made with the automated telephone dialing system and/or artificial or pre-recorded voice message within the 12 month period beginning in November of 2011.  The Plaintiffs believe discovery will exhibit several violations of the TCPA as at one point Plaintiff Karen Mason believes she was receiving 2 or more calls per day on her cell phone for more than 2 months straight and on January 2, 2012 received 4 calls in one day.

15. Despite both Plaintiffs' request to stop receiving calls, the collectors continued to call and used harassing and abusive language.  Specifically, in a call received approximately December of 2011, the collector, Mr. Greico, informed Karen Mason that she was immoral for not paying and was yelling at her.  Karen specifically spoke with a Mr. Wilson who was supposed to be the supervisor for Mr. Greico and complained about Mr. Greico's egregious and abusive behavior.  In addition, the collector Sue Denmore told Karen that they would get the money anyway they had to.  They also threatened to garnish Karen's wages without any ability to do so or intention to do so in violation of the Fair Debt Collection Practices Act.  Moreover,

the balance they were trying to collect continued to fluctuate and the demand for payment was over $23,000.00 without any basis. Finally, despite receiving a cease and desist letter through the Plaintiffs' counsel, Defendant MRS continued to call and contact the Plaintiffs, including calling Plaintiff Karen Mason at work.

16. The actions by the Defendant have caused the Plaintiffs actual damages, including damages for mental anguish including but not limited to embarrassment, humiliation, loss of privacy, interference with Plaintiff Karen Mason's employment, anger, frustration, and reduction in the value of enjoyment of life. In addition, the actions by Defendant MRS are a pattern and practice of this company and are in conscious disregard for the rights of the Plaintiffs, entitling the Plaintiffs to punitive damages.

## IV. CLAIMS

### COUNT I: FDCPA

17. Plaintiffs incorporate by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

18. Defendant's actions in attempting to collect this debt violate the Fair Debt Collection Practices act including but not limited to:

   a) 15 U.S.C. §1692c(a)(2) contacting consumer after knowledge of attorney representations;

   b) 15 U.S.C. §1692d- any conduct the natural consequence of which is to harass, abuse, or oppress any person;

   c) 15 U.S.C. §1692d(2) using abusive language in connection with the collection of a debt;

   d) 15 U.S.C. §1692d(5)- causing the phone to ring or engaging in repeated conversations regarding the debt;

   e) 15 U.S.C. §1692e and e(2) – misrepresenting the character, amount, or legal status of the debt;

    f) 15 U.S.C. §1692e(4)- stating that nonpayment of a debt will result in garnishment;

    g) 15 U.S.C. §1692e(5) – threatening to take any action that cannot legally be taken or is not intended to be taken;

    h) 15 U.S.C. §1692e(10)- several of the Defendants actions also violate this provision including but not limited to threatening to garnish without the ability or intent to do so;

    i) 15 U.S.C. §1692f and f(1) – attempting to collect any amount not authorized by agreement or permitted by law;

    j) 15 U.S.C. §1692c(a)(1)- contacting the consumer at any time or place that is inconvenient;

    k) 15 U.S.C. §1692c(a)(3)- contacting the consumer at work after the collector knows the consumer cannot receive calls at work.

19. Plaintiffs have been harmed by Defendant's violations and are entitled to statutory damages, actual damages, including non-economic damages for mental anguish and attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a).

## COUNT II:

### CONSUMER SALES PRACTICES ACT
### OHIO REVISED CODE 1345.01 ET SEQ

20. Plaintiffs incorporate by reference paragraphs 1 through the preceding paragraph as though fully stated herein

21. The deceptive and unconscionable debt collection means used by Defendant, including calling in violation of the TCPA, are a violation of the Ohio Consumer Sales Practices Act and as such Plaintiffs are entitled to damages, including statutory damages at $200 per phone call and actual damages including emotional distress and reasonable attorneys fees and costs for knowing violations of the OCSPA.

## COUNT III:

## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiffs incorporate by reference paragraphs 1 through the preceding as though fully rewritten herein.

23. 47 U.S.C. §227(b)(1)(A)(iii) makes it unlawful :

(A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-…

(iii) to any telephone number assigned to a … cellular telephone service … or any service for which the called party is charged for the call.

24. The Defendant initiated calls with an automatic telephone dialing system and/or artificial or pre-recorded voice in violation of the TCPA to the Plaintiff Karen's cell phone without Plaintiff's express prior permission to receive these types of calls and after the Plaintiff Karen Mason specifically prohibited any calls of any type to her and after notice of representation by counsel.  These calls were no less than 2 calls in the 12 month period beginning in November of 2011. In addition, the Plaintiff believes she can prove many more improper calls after obtaining discovery.

25. The Plaintiff is entitled to $500.00 per call in violation of the TCPA per call and up to $1,500.00 per instance for willful violations of the Telephone Consumer Protection Act.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiffs incorporate by reference paragraphs 1 through the preceding as though fully rewritten herein.

27. Defendant intentionally interfered, physically or otherwise, with Plaintiffs' solitude, seclusion, or private concerns or affairs.

28. Plaintiffs' had a reasonable expectation of privacy in their solitude, seclusion, or private concerns or affairs.

29. Without Plaintiffs' consent, Defendant called Plaintiffs, including calls to Plaintiff Karen's cell phone, for several months with what the Plaintiffs believe discovery will exhibit an average 2 calls per day. In addition, the Defendant invaded the privacy of Plaintiff Karen Mason by threatening garnishment and continuing to call at work.

30. Defendant's intrusion occurred in such a way that would be highly offensive to a reasonable person.

31. The Plaintiffs were seriously damaged as a result of Defendant's intrusion upon their seclusion and are entitled to damages, costs, and attorneys' fees.

## V.  TRIAL BY JURY

32. Plaintiffs are entitled to and hereby respectfully request a trial by jury on each and every matter so entitled.   US Const. Amend. 7.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request that this Court enter judgment as follows:

### COUNT I & II

- for an award of statutory damages of $1,000.00 for willful violation of the FDCPA and $200 for each violation of the OSCPA;

- for an award of actual damages including non-economic damages, and costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

- For an award of reasonable attorneys fees for a knowing violation of the OCSPA, all economic damages multiplied by three and non-economic damages up to $5,000.00.

## COUNT III

- $500 per call for violations of the TCPA; $1,500 for each call found to be in willful violation of the TCPA

## COUNT IV

- damages in excess of $25,000.00 for invasion of privacy

## SUCH OTHER RELIEF

- for an award of punitive damages in an amount to be determined at trial by jury;

- for Plaintiffs to be awarded costs of litigation and attorneys' fees against the Defendant under each of the allegations herein;

- for such other and further relief as may be just and proper.

Respectfully submitted,
**ZUZOLO LAW OFFICES, LLC**

**/s/  Philip D. Zuzolo**
Philip D. Zuzolo #0081865
Patrick B. Duricy #0042511
700 Youngstown Warren Rd
Niles Oh 44446
330-652-1609(phone)
330-652-9421(fax)
lawyers@zuzolo.com
**Attorneys for Plaintiff**

8